UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 07-103** |
| **JAMES PERDIGAO** | * | **SECTION "L"** |

## ORDER & REASONS

Before the Court is Defendant James Perdigao's Motion for Recusal of U.S. Attorney's Office and Request for Evidentiary Hearing (Rec. Doc. No. 96). In his motion, the Defendant make numerous allegations against the United States Attorney for the Eastern District of Louisiana and other members of his office that, according to the Defendant, shows that the United States Attorney's Office for the Eastern District of Louisiana cannot fairly prosecute him and he will therefore be deprived of his due process rights. The Government vigorously opposes the Defendant's motion. For the following reasons, the Defendant's motion is DENIED.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

The Defendant is a former partner with the law firm of Adams and Reese who allegedly stole approximately $30 million during his time with the firm. On March 16, 2007, the Defendant was indicted on fifty-nine (59) counts of bank fraud, mail fraud, interstate transportation of stolen funds, money laundering, income tax invasion, and filing false income tax returns; the Government also seeks forfeiture of approximately $30 million. On July 27, 2007, the Government issued a Superseding Indictment which amended the forfeiture provisions of the initial indictment.

The parties informed the Court in March of 2008 that plea negotiations had broken down

and that a new trial date needed to be selected. The Court held a status conference and a trial date of December 1, 2008 was selected. At that status conference, counsel for the Defendant informed the Court that the Defendant planned on filing a motion to recuse the U.S. Attorney's Office for the Eastern District of Louisiana from this case. The Government indicated it would likely seek to seal the motion. After further discussions, the Court instructed the Defendant to first send a draft of his motion to the Government so that it could determine whether the Government would move to seal the motion. The Defendant did so, and the Government moved to seal the Defendant's motion to recuse. The Court held a conference on April 16, 2008, and advised the parties that the Defendant's motion would not be filed under seal and directed the Defendant to file the motion as soon as practicable.

## II.     PRESENT MOTION

The Defendant filed his motion on April 17, 2008, putting forth several sensational allegations against the Government including charges of malfeasance, nonfeasance, and unethical conduct, all of which he alleges reflect prejudice against him and will prevent him from getting a fair trial.

The Government opposes the motion. The Government argues that, as an initial matter, the relief the Defendant seeks is unavailable. Citing multiple federal court decisions, the Government points out that recusing an entire office of federal prosecutors is an extraordinary remedy that one Court of Appeals has described as almost always reversible error. Additionally, the Government states that all of the Defendant's allegations were referred to the appropriate division of the Department of Justice for separate and independent inquiry and each time it was determined that there was no merit to the Defendant's allegations.

### III. LAW & ANALYSIS

#### A. Defendant's Right to an Evidentiary Hearing

The Defendant requested an evidentiary hearing in support of his motion. To receive an evidentiary hearing regarding a valid legal claim, the burden is on the defendant to allege facts which, if proved, would entitle him to relief. *United States v. Metz*, 652 F.2d 478, 481 (5th Cir. 1991). A defendant seeking to show that the government has engaged in an unconstitutional prosecution against him "is not automatically entitled to an evidentiary hearing." *United States v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998). Rather, a defendant must first "present facts sufficient to create a reasonable doubt about the constitutionality of [the] prosecution." *See id.* (citing *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984)); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 n.4 (5th Cir. 1981) (explaining that a defendant is entitled to a pretrial evidentiary hearing regarding the constitutionality of his prosecution "only if the existing record proves the likely merit of [his] specific allegations").

In order to determine the nature, scope and relevancy of the evidence the Defendant intended to offer, the Court ordered the Defendant to file with the Court a list of all of the witnesses he planned to call at an evidentiary hearing, what these witnesses would testify to, and the nexus between such testimony and the Defendant's argument that he is being deprived of due process. The Defendant submitted this list and the Government has filed its response. The Court has reviewed these filings and has determined that an evidentiary hearing is not necessary. To conduct a detailed evidentiary hearing into the merits of speculative and conclusory claims would be "tantamount to a fishing expedition." *Murphy v. Johnson*, 205 F.3d 809, 817 (5th Cir. 2000). Accordingly, it is now appropriate for the Court to consider the merits of the Defendant's

motion.

      **B.**     **Recusal of the United States' Attorney's Office for the Eastern District of Louisiana**

*United States v. Bolden* is the seminal case on the issue of recusing an entire prosecutors' office. 353 F.3d 870 (10th Cir. 2003). In that case the Tenth Circuit held that "the disqualification of Government counsel is a drastic measure and a court should hesitate of impose it except where necessary." *Id.* at 878. "Further, because disqualifying government attorneys implicates separation of powers issues, the generally accepted remedy is to disqualify a specific Assistant United States Attorney, not all the attorneys in the office." *Id.* The court noted that every circuit court that considered the disqualification of an entire United States Attorney's office has reversed the disqualification. *See, e.g.*, *United States v. Whittaker*, 268 F.3d 185 (3d Cir. 2001) (reversing disqualification of United States Attorney's Office for the Eastern District of Pennsylvania); *United States v. Vlahos*, 33 F.3d 758 (7th Cir. 1994) (reversing disqualification of entire United States Attorney's Office); *United States v. Caggiano*, 660 F.2d 184 (6th Cir. 1981) (reversing disqualification of entire United States Attorney's Office for the Western District of Tennessee). *See also*, *In re Harris County, Texas*, 240 Fed. Appx. 644 (5th Cir. 2007) (reversing disqualification of entire Harris County Attorney's Office because district court made no findings of impropriety as to the entire office); *United States v. Manna*, Crim No. 88-239, 2006 WL 3063456, *8 (D.N.J. Oct. 25, 2006) (denying motion to disqualify United States Attorney's Office for District of New Jersey). *Cf. In re Grand Jury Proceedings*, 700 F. Supp. 626 (D.P.R. 1988) (denying defendant's request to disqualify United States Attorney's Office during pre-indictment stage). Indeed, the Tenth Circuit has stated that it was "strongly

influenced by the fact that [it] can only rarely–if ever–imagine a scenario in which a district court could properly disqualify an entire United States Attorney's Office," and that "because disqualifying an entire United States Attorneys' Office is almost always reversible error regardless of the underlying merits of the case, a reviewing court will rarely have to delve into the underlying claim to conclude that the disqualification was unwarranted." *Bolden,* 353 F.3d at 875.  The Court of Appeals for the Fifth Circuit has cited with approval the Tenth Circuit's decision in *Bolden.  See In re Harris County, Texas*, 240 Fed. Appx. at 644.

The Defendant's allegations focus primarily on two individuals: U.S. Attorney Jim Letten and Deputy Chief Fred Harper.  The Government has submitted an affidavit from the United States Attorney stating that Deputy Chief Harper has not and will not have any supervisory role in the prosecution of the Defendant.  *See*, Exhibit to Rec. Doc. No. 100.  The Defendant has not submitted any evidence that Deputy Chief Harper has been directly involved in the prosecution, with the exception of an unsupported allegation that the Deputy Chief participated in plea negotiations on September 1, 2006 and stated to Defense counsel that "[y]ou need to tell Jamie that I am sending him a personal message that he better take the deal; it's not going to get any better."  The Defendant's allegations with respect to Mr. Harper, assuming that they are true, do not provide a basis for the relief the Defendant is seeking.  These allegations, if true, could possibly support disqualifying Deputy Chief Harper but do not rise to the level of authorizing the disqualification of the entire office.  Indeed, as U.S. Attorney Letten's affidavit states, Deputy Chief Harper has not and will not have any involvement in the prosecution of the Defendant.

Additionally, the Defendant's allegations that he provided information to the United States Attorney's Office which it never investigated or followed up on also prove to be

unfounded.  Again, the U.S. Attorney Letten states in his affidavit that all complaints received by his office were referred to the Department of Justice, Public Integrity Section.  *See*, Exhibit to Rec. Doc. No. 100.  The Court has been informed that the Public Integrity Division has closed its investigation into this matter.  Indeed, U.S. Attorney Letten received a letter from the Office of Professional Responsibility of the Department of Justice on April 25, 2007, stating that they investigated the Defendant's accusations and determined that further investigation was not warrant and considered the matter closed.

In fact, all of the Defendant's allegations focus on the alleged wrong doing on individual members of the U.S. Attorney's office and not on the misconduct of the entire office.  The Defendant admits as much in his motion when he argues that U.S. Attorney Letten's and Deputy Chief Harper's conflicts require the recusal of the entire office. Accordingly, even if true, the Defendant's allegations do not rise to the level of warranting the disqualification of the entire United States Attorney's office for the Eastern District of Louisiana.

**IV.   CONCLUSION**

Accordingly, IT IS ORDERED that the Defendant's Motion to Recuse is DENIED.

New Orleans, Louisiana, this 8th day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE