UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 07-103** |
| **JAMES PERDIGAO** | * | **SECTION "L"** |

## ORDER & REASONS

Before the Court is Defendant James Perdigao's Motion for Reconsideration of Court's Order & Reasons entered **July 9, 2008** (Rec. Doc. No. 121). The Government opposes the Defendant's motion. This motion came for hearing before the Court on September 10, 2008. For the following reasons, the Defendant's motion is DENIED.

### I.   FACTUAL & PROCEDURAL BACKGROUND

The Defendant is a former partner with the law firm of Adams and Reese who allegedly stole approximately $30 million during his time with the firm. On March 16, 2007, the Defendant was indicted on fifty-nine (59) counts of bank fraud, mail fraud, interstate transportation of stolen funds, money laundering, income tax invasion, and filing false income tax returns; the Government also sought forfeiture of approximately $30 million. On July 27, 2007, the Government issued a Superseding Indictment which amended the forfeiture provisions of the initial indictment.

The parties informed the Court in March of 2008 that plea negotiations had broken down and that a new trial date needed to be selected. The Court held a status conference and a trial date of December 1, 2008 was selected. On April 17, 2008, the Defendant filed a motion to recuse the U.S. Attorney's Office for the Eastern District of Louisiana from this case. The

Government vigorously opposed the motion. On July 9, 2008, this Court denied the Defendant's Motion for Recusal.

**II.     PRESENT MOTION**

The Defendant urges the Court to reconsider its July 9, 2008 ruling for three reasons: 1) the Court failed to state its essential findings on the record as required by Fed. R. Crim. P. 12(d), 2) the Court's Order & Reasons failed to address each of the Defendant's allegations against the U.S. Attorney's office, and 3) prosecutorial bias constitutes grounds for disqualification.

The Government argues the Court correctly concluded that the Defendant's motion for recusal should be denied. The Government further argues that the Defendant's motion does not satisfy the strict and rare standard applied to reconsideration motions.

**III.    LAW & ANALYSIS**

"[T]hree situations justify a district court altering or amending its judgment: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice[.]" *United States v. Ogden*, 2008 WL 2704539 (W.D. Tenn. July 2, 2008). The Court finds that there has not been any intervening change in controlling law that would justify a modification in the Court's decision. Evidence previously unavailable has not come to light that would warrant a new decision.

The Court further finds that reconsideration is not necessary to correct a clear error of law or to prevent a manifest injustice. The Court reviewed the filings provided by the Defendant and the government and concluded that an evidentiary hearing was not necessary. "When factual issues are involved in deciding a motion, the court must state its essential findings on the

record." Fed. R. Crim. P. 12(d). The Court determined that Deputy Chief Fred Harper and U.S. Attorney Jim Letten did not and will not have any direct involvement in the prosecution of the Defendant. The Court found numerous allegations to be unfounded. The Court further determined that the Defendant's allegations, even if true, did not warrant the recusal of the entire United States Attorney's office. The Court fully evaluated the factual allegations and stated the essential findings of fact warranting a denial of the Defendant's motion for recusal. The Court finds no reason to reevaluate its factual decisions regarding the Defendant's motion for recusal.

## IV. CONCLUSION

For the foregoing reasons and for the reasons stated in the Order & Reasons dated July 9, 2008 (Rec. Doc. No. 117), IT IS ORDERED that the Defendant's Motion to Reconsider is DENIED.

New Orleans, Louisiana, this 7th day of October, 2008.

*[signature]*
UNITED STATES DISTRICT JUDGE