UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 07-103 |
| JAMES G. PERDIGAO | SECTION "L" |

## ORDER & REASONS

Before the Court is Defendant James Perdigao's Motion for Reconsideration of this Court's Order and Reasons granting in part and denying in part his Motion to Modify the Restitution Order. R. Doc. 245. The government opposes the motion. R. Doc. 246. Having considered the parties' arguments and the relevant law, the Court now rules as follows.

I. BACKGROUND

On October 31, 2008, James Perdigao appeared before the Court and pleaded guilty to Counts 1, 13, 31-55, 56, and 60-61 of a Second Superseding Indictment charging him with violations of Bank Fraud (18 U.S.C. § 1344), Mail Fraud (18 U.S.C. § 1341), Interstate Transportation of Stolen Funds (18 U.S.C. § 2314), Money Laundering (18 U.S.C. § 1957), Income Tax Evasion (18 U.S.C. § 7201), Filing False Tax Returns (18 U.S.C. § 7206(1)) Obstruction of Justice (18 U.S.C. § 1503(a)), and Unlawful Computer Intrusion (18 U.S.C. §§ 1030(a)(2)(c), (c)(2)(B)(ii)). R. Doc. 197.

On March 25, 2009, Mr. Perdigao was sentenced to 188 months in the custody of the Bureau of Prisons. R. Doc. 212. This term was comprised of 188 months as to Counts 1, 13, and 56; 120 months as to Counts 31-50 and 60; 36 months as to Count 55; and 60 months as to Counts

51-54 and 61, all to be served concurrently. *Id*. He was also sentenced a three-year term of supervised release. *Id.* at 3. Perdigao was ordered to pay restitution in the amount of $23,517,538.00 pursuant to 18 U.S.C. § 3664(a). *Id.* at 5. The final restitution judgment was not timely appealed by Perdigao at the time of entry.

On April 2, 2020, the Court granted Mr. Perdigao's motion for compassionate release and reduced his sentence to time served. R. Doc. 237. The Court recognized that Mr. Perdigao suffers from a serious heart condition that results in frequent episodes of atrial fibrillation, which diminished his ability to provide self-care within his correctional facility. *Id*. at 5-6. In addition, Mr. Perdigao also has glaucoma, colitis, and hypertension. *Id*. Upon his release, Mr. Perdigao began serving a three-year supervised release term. *Id.* Subsequently, Mr. Perdigao filed a Motion to Modify the Restitution Order. R. Doc. 242. The Court granted the motion with respect to the request to modify the restitution payment schedule and reduced the monthly payment from $2,000 to $100, concluding that Mr. Perdigao's medical conditions, which impact "virtually all activities of daily living," constituted a significant change in his economic circumstances. R. Doc. 244 at 5. The Court denied the motion to the extent it sought to terminate all future restitution obligations. *Id.*

## II.     PRESENT MOTION

Mr. Perdigao now moves for reconsideration of the Court's denial of his motion to dismiss the remaining balance of his restitution. R. Doc. 245. Mr. Perdigao contends that the four victims identified in the Restitution Order have recovered the full amount of their direct losses and the indirect losses comprising the outstanding balances under the Restitution Order are not subject to restitution. R. Doc. 245 at 1. Mr. Perdigao asserts that the remaining restitution balance of $ $1,876,410.71 represents indirect costs incurred by Adam and Reese and Pinnacle during the

investigation and prosecution of Mr. Perdigao and are therefore not eligible for restitution. R. Doc. 245-1 at 4.

In opposition, the government argues that this Court correctly found that is does not have the authority to reduce final restitution judgments the Mandatory Victim Restitution Act ("MVRA"). R. Doc. 246. Additionally, the government argues that the instant motion should be denied because Mr. Perdigao does not establish that reconsideration is warranted. The government contends that first, a timely appeal from the final restitution order expired in 2009, and second, the victims' direct losses are most likely much higher than the restitution amount. R. Doc. 246 at 1-7.

### III.    LAW & ANALYSIS

#### a.  Standard

"While motions for reconsideration in criminal actions 'are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device.'" *United States v. Cotto*, No. CV 16-36, 2020 WL 3832809, at *1 (E.D. La. July 8, 2020) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). Because this motion was filed within twenty-eight days after entry of the judgment from which relief is sought, the Court construes this motion as seeking reconsideration pursuant to Rule 59(e). *See United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir.1993) (noting that courts have treated motions for reconsideration in criminal cases as the equivalent of a Rule 59(e) or 60(b) motion).

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *Id.* at 479.  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, a Rule 59(e) motion merely

allows "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

	b. Discussion

Mr. Perdigao seeks reconsideration of this Court's decision to deny in part the motion to modify his restitution order. R. Doc. 245 at 1. In the present motion, Mr. Perdigao does not raise any issues relating to the Court's manifest error in law, the parties' failure to present newly discovered evidence, or intervening changes in the controlling law in its decision. *See id.* Instead, Mr. Perdigao now seeks to appeal his restitution balance 11 years after the judgment was entered and 8 years after the remissions were credited.

Notably, Perdigao raised these objections to the specific loss amounts prior to sentencing, *see* PSI, p. 31, and U.S. Probation dismissed the objections in the Addendum to the PSI. As noted in the Addendum, "[w]hile Adams and Reese is only seeking restitution relative to direct losses in the amount of approximately $9 million, Adams and Reese has suggested that 'the amount of the direct loss is likely considerably higher,' noting that 'Perdigao deposited into the Firm's trust account payments totaling at least $20,100,000.00.' *Id.* at 36. In its restitution letter, Adams and Reese also states that towards the end of this scheme, Perdigao stole another $2.7 million." *Id.* The Addendum goes on to describe that direct losses are likely far greater. *Id.*

Moreover, the factual basis[1] reflects that Mr. Perdigao illegally transferred funds totaling approximately $23 million. R. Doc. 198 at 5. These illegal gains were the direct result of Mr. Perdigao's crimes which he pled guilty to, including stealing from his employers' bank account and making unauthorized withdrawals. *Id.* at 4-5. This $23 million figure is consistent with the language in the second superseding indictment relative to the interstate transportation of stolen

---

[1] The factual basis was signed by both the defendant, his attorney, and the government.

4

funds counts, for which the defendant was convicted. R. Doc. 187. Specifically, it states that "Perdigao fraudulently accessed an Adams and Reese bank account and thereby exceeded his authorized access by making unauthorized withdrawal…and transferring and converting these unauthorized withdrawals to other bank accounts controlled by Perdigao totaling approximately $23 million dollars." *Id.* at 8.

The Court, after reviewing of the PSI and Addendum, ordered restitution at $23,517,538.00. R. Doc. 212. Under the MVRA, a restitution order is a final judgment. 18 U.S.C.A. § 3664(o). The sentence may be subsequently altered in the following ways: "corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title; appealed and modified under section 3742; amended under subsection (d)(5); or adjusted under section 3664(k), 3572, or 3613A." 18 U.S.C. § 3664(o)(1). The Court does not find relief under any of these sections to be appropriate here.

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana this 10th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE